IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| ABC, Inc., | ) | |
| | ) | |
|       Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | Case No. 3:25-cv-140 |
| | ) | |
| J.M. Johnson, LLC, | ) | |
| | ) | |
|       Defendant. | ) | |

Defendant J.M. Johnson, LLC ("Johnson") moves to dismiss Plaintiff ABC, Inc.'s ("ABC") complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Doc. 12. ABC opposes the motion. Doc. 13. Johnson also moves for Rule 11 sanctions against ABC for filing a frivolous claim barred by res judicata. Doc. 17. ABC did not respond. For the reasons below, Johnson's motions are granted.

I.  **BACKGROUND**

This action arises out of a franchise agreement dispute between ABC and Johnson. The franchise agreement ("Agreement") has an arbitration clause stating:

> [A]ll disputes and claims relating to any provision [of the Agreement] . . . shall be settled by arbitration at the office of the American Arbitration Association . . . in accordance with the United States Arbitration Act (9 U.S.C. § et seq.) . . . and the rules of the American Arbitration Association . . . .

Doc. 12-2 at 26. The Agreement expired in May 2020. Doc. 12-4. The parties did not sign a new agreement. Id. Instead, they "continued to operate as franchisor and franchisee under an implied contract" until February 2024. Id. at 2-3. Johnson continued paying royalties to ABC and provided ABC with monthly payment calculations. Doc. 12-4 at 3; Doc. 18-4 at 1. ABC accepted the payments without objection. Docs. 12-4 at 3; 18-4 at 1.

In June 2023, ABC presented a new agreement to Johnson. Doc. 18 at 3. Johnson did not sign it. Id. Instead, Johnson wished to discontinue the franchise. Id. at 3-4. In response, ABC issued an audit notice to Johnson. Doc. 18-2. The notice stated "[Johnson] has failed or otherwise refused to renew its franchise agreement with [ABC] but has since continued to operate its franchise using [ABC's] proprietary systems, equipment, trademarks, and other intellectual property." Id. Johnson responded that it did not have to comply with an audit, stating "[a]gain, the basis of the royalty calculations was provided monthly." Doc. 18 at 4.

In March 2024, ABC filed an arbitration complaint against Johnson with the American Arbitration Association ("AAA").[1] Doc. 12-3. ABC sought to arbitrate alleged Agreement violations from when the parties operated under an implied contract. The action included one claim of trademark infringement, two claims of injunctive relief, and three claims of breach of contract. Id. One breach of contract claim was for Johnon's failure to follow the termination provisions of the Agreement. Id. at 7-8. These provisions were listed in paragraph 40 of ABC's complaint. Id. Paragraph 40 listed Johnon's obligation to pay "all pending royalties and other pending charges due under the Agreement" during the implied contract term. Id. at 8. The complaint stated "Johnson breached its contract with ABC by operating its franchise without complying with the contractual requirements set forth in Paragraph 40 above for over three years." Id.

In April 2025, the AAA issued an order on the parties' motions for summary judgment. Doc. 12-4. The AAA found in favor of Johnson and dismissed ABC's causes of action. Id. at 5. Curiously, the AAA order stated ABC "does not allege . . . there was any inaccuracy or purported

---

[1] The arbitration complaint is dated March 2023. Doc. 12-3 at 12. But Johnson repeatedly cites March 2024 as the date ABC's arbitration complaint was filed. Doc. 12-1 at 2, 8. Further, Johnson notes arbitration "lasted one year" and ended when the AAA issued its order in April 2025. Doc. 12-1 at 4; Doc. 12-4 at 5. The Court concludes the date on the arbitration complaint was likely a typographical error and that it was filed in 2024. The parties do not appear to dispute this.

defect in [Johnson's] calculations of the amount of payments it owed to [ABC] . . . ." Id. at 3. Still, the AAA order found Johnson "continued to pay royalties to ABC" until February 2024—when the implied contract ended. Id. Further, the order stated:

> ABC, Inc. was afforded the opportunity to pursue written discovery, issue subpoenas, and obtain deposition testimony under oath in this arbitration proceeding. This process provided ABC, Inc. the opportunity to scrutinize J.M. Johnson's financial data which would be subject of the requested audit to a degree greater than what a typical audit would require. After having the opportunity to conduct discovery, ABC, Inc. does not present any evidence to contradict J.M. Johnson's evidence that [royalty] payments were appropriately calculated.
>
> ABC, Inc. cannot establish a breach of [the termination provisions] as ABC, Inc. waived strict compliance and J.M. Johnson, Inc. performed all obligations not waived by ABC, Inc.

Id. at 3, 5. The order noted it "constitutes a final Award in full settlement of all claims submitted to this Arbitration." Id. at 5. ABC did not file a motion to vacate the award.

In June 2025, ABC filed a complaint with this Court, alleging the Agreement requires Johnson to "pay royalties to ABC for the sale of goods and services it provides to customers under the ABC franchise." Doc. 1 at 4. The complaint claims Johnson "failed or otherwise refused to pay all of the royalties owed to ABC under the Agreement between February 2019 and February 2024." Id. Johnson moves to dismiss ABC's claim under Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Doc. 12. Johnson also moves for Rule 11 sanctions against ABC for filing a frivolous claim barred by res judicata. Doc. 17.

## II.   DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's

3

favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570. Further, the Court ordinarily does not consider matters outside the pleadings on a motion to dismiss. See Fed. R. Civ. P. 12(d). But the Court may "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

Johnson raises the affirmative defense of res judicata in its motion to dismiss. Courts may properly grant dismissal on this defense if the merits supporting it are "apparent from the face of the complaint, public records, and materials embraced by the complaint." Benson v. Family Tree Corp., 858 F. App'x 204 (8th Cir. 2021). Because ABC's claims are barred by res judicata, the Court grants Johnson's motion to dismiss.[2]

### A.     Res Judicata

Johnson moves to dismiss ABC's breach of contract claim as barred by res judicata. "Res judicata applies to prevent repetitive suits involving the same cause of action." Ripplin Shoals Land Co. v. U.S. Army Corps of Eng'rs, 440 F.3d 1038, 1042 (8th Cir. 2006). The elements of res judicata are: (1) a final judgment on the merits, (2) based on proper jurisdiction, (3) between the same parties, and (4) based on the same claims or causes of action."[3] Wintermute v. Kansas Bankers Sur. Co., 630 F.3d 1063, 1067 (8th Cir. 2011).

---

[2] Johnson also moves to dismiss because the contract on which ABC's complaint is based has an arbitration clause. Because the Court grants Johnson's motion on other grounds, it does not address this argument.

[3] Regarding res judicata, the law of the forum which issued the first judgment controls. Schwartz v. Bogen, 913 F.3d 777, 781 (8th Cir. 2019). Here, the first judgment was an AAA award issued

All four elements of res judicata are present here. First, final arbitration awards are treated as final judgments on the merits. Manion v. Nagin, 392 F.3d 294, 300 (8th Cir. 2004) ("A final arbitration award has the same preclusive effect as a prior judgment."). The arbitration lasted one year and culminated in a written decision issued by the arbitrator, which assessed the merits of ABC's claims. Doc. 12-4. The first element is satisfied.

The parties do not appear to contest the second or third elements. It is plain that the parties are the same in the two actions, and jurisdiction was properly exercised by the arbitrator.

As to the fourth element, res judicata bars "relitigating issues that were or could have been raised in th[e previous] action." Allen v. McCurry, 449 U.S. 90, 94 (1980). Claims in the second action need not be identical to the first action to be barred by res judicata. Even when a plaintiff "fashions a new theory of recovery or cites a new body of law," subsequent claims will be barred if they are "based on the same nucleus of operative facts as the prior claim." Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004).

ABC's sole argument in its brief in opposition is that "[a]t no point in time did [ABC] plead or allege that [Johnson] had breached the franchise agreement by failure to pay royalties in accordance with the franchise agreement, nor did the AAA consider the issue." Doc. 13 at 2. To ABC's point, the AAA order states ABC did "not allege . . . there was any inaccuracy or purported defect in [Johnson's] calculations of the amount of payments it owed to [ABC] . . . ." Id. at 3. But cutting against ABC's argument is the language in its own arbitration complaint. It alleged

---

under an arbitration policy using federal procedural rules. Thus, the Court concludes federal law applies. This is consistent with other Eighth Circuit and district court cases. See, e.g., Val-U Const. Co. of S.D. v. Rosebud Sioux Tribe, 146 F.3d 573 (8th Cir. 1998) (applying federal law to analyze the effects of an AAA judgment on a subsequent claim); Zhang v. UnitedHealth Group, No. 24-cv-03127, 2025 WL 2470222 (D. Minn. July 25, 2025) (same); Glover v. Verizon Wireless, No. 22-1093, 2024 WL 384866 (D. Minn. Feb. 1, 2024) (same). The parties do not appear to dispute this and cite to federal law in their briefs.

"Johnson breached its contract with ABC by operating its franchise without complying with the contractual requirements set forth in Paragraph 40 [of the arbitration complaint]." Doc. 12-3 at 5. As reiterated above, paragraph 40 described the Agreement's termination provisions. One provision in paragraph 40 was Johnson's obligation to pay "all pending royalties and other pending charges due under the Agreement." Id. Even if ABC did not fully plead or allege a royalty claim in the complaint, perhaps more detrimental to ABC's argument is that the AAA clearly did consider the issue of royalties—thoroughly. The AAA concluded that Johnson paid royalties to ABC during the relevant time period. Doc. 12-4 at 3. ABC accepted the payments without objection. Id. More, after having ample opportunity to conduct discovery into Johnson's financials, ABC failed to present evidence that Johnson's payments were incorrectly calculated. Id. The AAA stated ABC could not establish any breach of the Agreement's termination provisions, as Johnson "performed all obligations not waived" by ABC. Id. at 5. Thus, not only did the AAA conclude that Johnson paid royalties, but that ABC failed to establish insufficiency of payment.

And the foregoing analysis is only part of the equation. Even if the issue of royalties was not raised at all in the previous action, the standard for res judicata preclusion includes "issues that . . . could have been raised in th[e previous] action." Allen, 449 U.S. at 94 (1980) (emphasis added). Subsequent claims are barred if they are "based on the same nucleus of operative facts as the prior claim." Banks, 390 F.3d at 1052 (8th Cir. 2004). This determination involves examining "whether the second lawsuit is 'part of the transaction, or series of connected transactions, out of which the [first] action arose . . . giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.'" First Nat'l Bank in Sioux Falls v. First Nat'l Bank S.D., 679 F.3d 763, 767 (8th Cir. 2012) (citation omitted).

6

ABC initiated arbitration against Johnson for continuing to operate its franchise without complying with its contractual requirements under the Agreement. The current claim arises from the same nucleus of operative fact: Johnson's continued operation of its franchise—allegedly—without complying with its contractual requirements under the Agreement. The AAA order clearly established that ABC could not prove a breach of the Agreement's termination provisions (including the provision requiring Johnson to pay royalites) because Johnson "performed all obligations not waived" by ABC. Doc. 12-4 at 5. Both suits stem from the same implied contract period and originate from the same facts and circumstances discussed in the AAA order. ABC's motivation in both suits is to seek remedy for Agreement violations during the implied contract. Further, the implied contract between the parties lasted for over three years, seemingly without issue. Doc. 12-3 at 8. It was only after Johnson chose to end its franchise that ABC pursued an audit and initiated arbitration proceedings. In sum, the facts are clearly related "in time, space, [and] origin" and, as such, are part of the same "series of connected transactions." First Nat'l Bank in Sioux Falls, 679 F.3d at 767.

Further, ABC filed its arbitration action in March 2024. Doc. 12-3; Doc. 12-1 at 2, 8. ABC's instant claim does not concern information or factual events that were unknown to ABC or otherwise unripe for arbitration. See Anderson v. Abraham, 214 F.Supp.2d 1036, 1039-40 (D.N.D. 2002) (holding that claims known to exist at the filing of the first lawsuit support res judicata preclusion for subsequent claims). Even if the claim was styled differently, this dispute clearly involves the same operative facts as the previous action. In such cases, res judicata precludes consideration of the claim. See Poe v. John Deere Co., 695 F.2d 1103, 1106-07 (8th Cir. 1982) (applying res judicata to bar second action where the "thrust of both cases is [the same,]" regardless of the plaintiff's "attempt to apply different legal labels to the facts" of the first case). Cf. Yohannes

7

v. Minn. IT Servs., No. 23-cv-1875, 2024 WL 1076613, at *3 (D. Minn. Mar. 12, 2024) (concluding plaintiff's second claim was allowed to go forward because it was based on events that occurred after the first lawsuit). ABC's breach of contract claim is barred by res judicata and is dismissed.

### B. Sanctions

Johnson moves for Rule 11 sanctions against ABC for filing a frivolous claim barred by res judicata. Doc. 17. Johnson argues it warned ABC that the current claim is barred by res judicata and that it would seek sanctions if ABC proceeded. Doc. 17-1 at 11. ABC did not respond to the motion for sanctions.

Under Federal Rule of Civil Procedure 11, any party filing a pleading represents the claims are nonfrivolous, have evidentiary support, or are likely to have evidentiary support after further investigation or discovery. Filing a frivolous claim without evidentiary support is sanctionable under Rule 11(c). The Court has broad discretion in determining whether to impose sanctions. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). An attorney must "conduct a reasonable inquiry of the factual and legal basis for a claim before filing." Coonts v. Potts, 316 F.3d 745, 753 (8th Cir. 2003). In deciding whether an attorney is liable for sanctions for violating Rule 11, "the standard . . . is whether the attorney's conduct, 'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" Adams v. USAA Cas. Ins. Co., 863 F.3d 1069, 1077 (8th Cir. 2017) (citation omitted).

Procedurally, the Court notes ABC did not respond to the motion for sanctions. Civil Local Rule 7.1(B)(5) states that an adverse party's "failure to serve and file a response to a motion may be deemed an admission that the motion is well taken." D.N.D. Civ. Local R. 7.1(B)(5). The Court deems ABC's lack of response as an admission that some measure of sanctions are warranted here.

As to the current claim, ABC was warned about res judicata preclusion and that Johnson would seek sanctions under Rule 11. ABC's actions resulted in a waste of resources, both for Johnson and for the Court. Because the motion (Doc. 17) is unopposed and is well taken, the Court finds a Rule 11 violation is established.

Once a Rule 11 violation is established, the Court may impose an appropriate sanction on an attorney, law firm, or party that violated the rule or is responsible for the violation. "[I]f imposed on motion and warranted for effective deterrence," sanctions may include "an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Johnson requests an award of reasonable attorney's fees incurred in the case and provides the Court with its itemized legal expenses. Docs. 17-1 at 15; 19-1. Johnson requests $11,142.34 in fees, including the costs to prepare the motion for sanctions. Doc. 91-1.

The Court, in the exercise of its broad discretion, finds the appropriate sanction under the circumstances is the award of part of Johnson's reasonable attorney's fees incurred in defending the case. The Eighth Circuit has held the imposition of monetary sanctions is warranted in analogous circumstances. See, e.g., Pro. Mgmt. Assoc., Inc. v. KPMG LLP, 345 F.3d 1030, 1032-33 (8th Cir. 2003) (holding the defendant was entitled to monetary sanctions for plaintiff's filing of a claim barred by res judicata). Although Johnson's requested fees are properly supported by documentation, the Court still assesses for reasonableness. The Court has examined the billing records and the nature of the work performed and finds that a reasonable fee of $8,000 is ordered. The motion for sanctions is granted and the relief is limited to the award of fees as set forth above.

9

### III.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Johnson's motion to dismiss for failure to state a claim (Doc. 12) is **GRANTED**. ABC's claim is **DISMISSED WITH PREJUDICE**. Johnson's motion to strike (Doc. 14) is **MOOT**. Johnson's motion for sanctions (Doc. 17) is **GRANTED.** The Court **ORDERS** ABC to pay Johnson $8,000 as soon as practicable.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated this 11th day of February, 2026.

>                                   */s/ Peter D. Welte*
>                                   Peter D. Welte, Chief Judge
>                                   United States District Court